IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17cr273-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | PRELIMINARY ORDER OF |
| v. | ) | FORFEITURE |
| | ) | |
| BENJAMIN ABRAHAM, a/k/a Yakiel | ) | |
| Ben-Abraham, a/ka/a Yakiel Benabraham, | ) | |
| a/k/a Yahiel Benabraham | ) | |

**THIS MATTER** is before the Court on the United States of America's Motion, pursuant to 18 U.S.C. § 981(a)(1)(C) and Fed. R. Crim. P. 32.2(b) and (e)(1)(A), (Doc. No. 58), requesting that this Court enter a Preliminary Order of Forfeiture for the following items collected on November 16, 2017 at the office of Alex Heroy, Benjamin Abraham's attorney:

- **One Marquise cut diamond, 7.3 x 4.15 x 3.2mms=0.70 carats, H color, I2 clarity, clarity enhanced;**

- **One Round brilliant cut diamond, 4.66-4.77x3.02mms=0.44 carats, fancy light pink color, I1 clarity ;**

- **One Baguette cut diamond, 4.73 x 3.01 x 2.08mms=0.30 carats, G color, SI2 clarity;**

- **One Marquise cut diamond, 7.42 x 4.52 x 2.86mms=0.55 carats, H color, I1 clarity;**

- **One Rectangular (baguette) cut diamond, 6.02 x 3.19 x 2.40mms=0.52 carats, G color, I1 clarity;**

- **One Round brilliant cut diamond, 4.12 - 4.17 x 2.58mms=0.28 carats, G color SI2 clarity;**

- **One Princess cut (treated) black diamond, 6.90 x 7.03 x 4.12mms = 1.38 carats, large chip on one edge;**

- **One Round brilliant cut (treated) black diamond, 11.91 x 8.15mms = 5.78 carats**;

- **One 1 Round brilliant cut (treated) black diamond, 11.48 x 7.23mms=5.26 carats;**

- **One Princess cut diamond, 4.29 x 4.05 x 2.98mms=0.43 carats, I color, VS2 clarity**;

- **One Round brilliant cut (treated) black diamond, 6.69 x 3.98mms = 1.02 carats;**

- **One Round brilliant cut diamond, 4.01 - 4.09 x 2.37mms = 0.24 carats, K color I3 clarity; and**

The following items collected from defense counsel on or about August 29, 2018:

- **One .50 ct Diamond Halo Pendant with .11 ctw Diamonds surrounding in 18k White Gold; and**

- **One clover bracelet cuff, .70 tw pink diamonds and .17 tw diamonds.**

The Government advises that the items are proceeds of the fraud offense charged in Count One but that it did not previously request forfeiture of the items because the Government and, in some instances, the defense, were investigating whether the items were actually consigned items belonging to third parties. According to the Government, the parties have now concluded that the items are not consigned. Thus, based on the circumstances of this case, Section 981 mandates forfeiture of the items. Therefore, this Court hereby **GRANTS** the Motion. The Court **FINDS AS FOLLOWS**:

### I. BACKGROUND

**A. Indictment, Sentencing, and Consent Order and Judgment of Forfeiture**

On September 19, 2017, a Grand Jury in the Western District of North Carolina returned an Indictment (Doc. No. 3) against Defendant, charging Defendant with, *inter alia*, wire fraud as

set forth in Count One; and money laundering as set forth in Counts Four through Eighteen. The Indictment described how Defendant committed fraud on investors and then used their investments to fund, among other expenses, expenses related to his businesses, including Benjamin Jewelers, LLC. The Indictment also contained a "Notice of Forfeiture and Finding of Probable Cause" whereby the Grand Jury found probable cause for a forfeiture money judgment in the amount of at least $2,100,000, as well as numerous jewelry entities owned by Defendant and dozens of items of jewelry that Defendant had allowed law enforcement to inventory and seize at Defendant's business, Benjamin Private Jewelers.

On September 21, 2017, shortly after Indictment, law enforcement obtained a federal Seizure Warrant (WDNC Case 3:17MJ330) for the items identified in the Indictment. As set forth in the Affidavit in support of that Warrant, jewelry obtained by Abraham constituted proceeds of fraud and property involved in money laundering.

Ultimately, Defendant pled guilty (Doc. Nos. 19 and 21) and this Court sentenced (Doc. No. 47) Defendant for wire fraud. This Court also issued a Consent Order and Judgment of Forfeiture (Doc. Nos. 24 and 47) for a $2,064,937 forfeiture money judgment, certain entities, and most of the jewelry seized in the case.

### B. Additional Items of Jewelry Identified for Forfeiture Herein

The Government did not include certain seized items in the Consent Order. These items included both items seized located shortly after execution of the initial Seizure Warrant, as well as additional items that Defendant later turned-over to the Government. The Government omitted these items because investigation was pending, initially by defense counsel, and then later by the Government, about whether these items actually constituted property purchased by Defendant or, instead, property held by Defendant on consignment from innocent third parties. Following

multiple conversations with counsel and also with numerous different individuals who contacted the Government in this matter, the Government recently concluded that these items are not identified as missing consignment items by any of the individuals. Therefore, the circumstances suggest that the items are, like the other items that this Court has already ordered forfeited, proceeds of the wire fraud. The Court now resolves forfeiture based on the record in the case and the information set forth in the Government's Motion.

## II. LEGAL CONCLUSIONS

Title 18 U.S.C. § 981(a)(1)(C), incorporated in this criminal action by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) provide for preliminary forfeiture of property which constitutes or is derived from proceeds of the wire fraud violations.[1] Forfeiture is appropriate upon a court finding of a nexus, or connection, between the property and the violations. Fed. R. Crim. P. 32.2(b)(1)(A). The finding may be based on evidence already in the record and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). The burden of proof on forfeiture is preponderance of the evidence. *See, e.g., United States v. Cherry*, 330 F.3d 658, 669 (4th Cir. 2003). Here, the preponderance standard is easily satisfied by the record that reflects that Defendant used his fraud to fund his business, including his jewelry business and purchases of jewelry.

**THEREFORE**, based on the aforementioned record whereby the Government has established, by a preponderance of the evidence, a nexus between the property and the count of conviction, the Government's Motion is **GRANTED**, and the following property is ordered

---

[1] Fed. R. Crim. P. 32.2(e)(1)(A), on forfeiture of items that are "subject to forfeiture under an existing order of forfeiture but [were] located and identified after that order was entered" provide additional authority for forfeiture of the jewelry identified herein, since the jewelry is undoubtedly property of the various entities already forfeited in the Consent Order and Judgment of Forfeiture.

forfeited pursuant to Fed. R. Crim. P. 32.2(b) and (e)(1)(A):

The following items collected on November 16, 2017 at the office of Alex Heroy, Benjamin Abraham's attorney:

- **One Marquise cut diamond, 7.3 x 4.15 x 3.2mms=0.70 carats, H color, I2 clarity, clarity enhanced;**

- **One Round brilliant cut diamond, 4.66-4.77x3.02mms=0.44 carats, fancy light pink color, I1 clarity ;**

- **One Baguette cut diamond, 4.73 x 3.01 x 2.08mms=0.30 carats, G color, SI2 clarity;**

- **One Marquise cut diamond, 7.42 x 4.52 x 2.86mms=0.55 carats, H color, I1 clarity;**

- **One Rectangular (baguette) cut diamond, 6.02 x 3.19 x 2.40mms=0.52 carats, G color, I1 clarity;**

- **One Round brilliant cut diamond, 4.12 - 4.17 x 2.58mms=0.28 carats, G color SI2 clarity;**

- **One Princess cut (treated) black diamond, 6.90 x 7.03 x 4.12mms = 1.38 carats, large chip on one edge;**

- **One Round brilliant cut (treated) black diamond, 11.91 x 8.15mms = 5.78 carats**;

- **One 1 Round brilliant cut (treated) black diamond, 11.48 x 7.23mms=5.26 carats;**

- **One Princess cut diamond, 4.29 x 4.05 x 2.98mms=0.43 carats, I color, VS2 clarity**;

- **One Round brilliant cut (treated) black diamond, 6.69 x 3.98mms = 1.02 carats;**

- **One Round brilliant cut diamond, 4.01 - 4.09 x 2.37mms = 0.24 carats, K color I3 clarity; and**

The following items collected from defense counsel on or about August 29, 2018:

- **One .50 ct Diamond Halo Pendant with .11 ctw Diamonds surrounding in 18k White Gold; and**

- **One clover bracelet cuff, .70 tw pink diamonds and .17 tw diamonds.**

Pursuant to 21 U.S.C. § 853(n)(1), the Government shall publish notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the Defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this Order, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture as to the property.

**SO ORDERED.**

Signed: March 29, 2019

Robert J. Conrad, Jr.
United States District Judge